UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____X
IRWIN FRANCHISE CAPITAL CORPORATION,

                Plaintiff,

v.

WINDRAM ENTERPRISES, INC.,

                Defendant.
_____X

: **ANSWER. JURY DEMAND**
: **AND COUNTERCLAIM**
:
: Civil Action No.: **07 CIV 3785**
: (Judge Conner)

      Defendant, Windram Enterprises, Inc. as and for its Answer to Plaintiff's Complaint alleges and says:

### IN ANSWER TO THE FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

      1.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the First Cause of Action.

      2.     Defendant denies in the form alleged the allegations contained in paragraph 2 of the First Cause of Action.

      3.     Defendant denies in the form alleged the allegations contained in paragraph 3 of the First Cause of Action and further asserts that the document or documents referenced therein are written materials that speak for themselves.

      4.     Defendant denies the allegations contained in paragraph 4 of the First Cause of Action as these allegations assert a legal conclusion and all questions of law are respectfully referred to this Honorable Court.

      5.     Defendant denies knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the First Cause of Action.

      6.     Defendant denies the allegations contained in paragraphs 6, 7, 8, 10, 11 and 12 of the First Cause of Action as the allegations assert a legal conclusion and all questions of law are referred to this Honorable Court and, further, the allegations refer to a document or documents that are written materials that speak for themselves.

      7.     Defendant denies the allegations in paragraphs 9, 14 and 16 of the First Cause of Action.

8. Except to admit that Defendant confirmed its decision to not proceed due to the various wrongs committed by the Plaintiff as are more fully laid out in the Counterclaim, the allegations of paragraph 13 of the First Cause of Action are denied.

9. Except to admit a demand for payment was made, Defendant denies the allegations contained in paragraph 15 of the First Cause of Action.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Upon information and belief, that whatever damages the Plaintiff may have sustained at the time and place mentioned in the Complaint same were caused in whole or in part by the culpable conduct of said Plaintiff or the risks were assumed by Plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct attributable to Plaintiff bears to the culpable conduct which caused said injuries.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for relief and the within action should be dismissed under F.R.C.P. 12(b)(6).

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of waiver.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred or Plaintiffs claims are diminished in whole or in part by Plaintiff's failure to mitigate damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred or Plaintiff's claims are diminished in whole or in part by the doctrine of novation.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred or Plaintiff's claims are diminished in whole or in part by the doctrine of accord and satisfaction.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The complained of occurrence was caused, in whole or in part, by third parties, over whom the Defendant has no control.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of avoidable consequences.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Without admitting liability, which is steadfastly denied, Plaintiff's damages are barred or diminished by the doctrine of set off.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any incidental or consequential damages. Alternatively, Plaintiff's recovery of incidental or consequential damages is barred as a matter of law.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint together with the costs and disbursements of this action, and reasonable attorney's fees.

### JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable pursuant to F.R.C.P. 38.

### COUNTERCLAIM

Defendant, Windram Enterprises, Inc., as and for its Counterclaim against Plaintiff, Irwin Franchise Capital Corporation, alleges and says:

### COUNT ONE

### FRAUD

1. Defendant/Counterclaimant, Windram Enterprises, Inc. (hereinafter referred to as "Windram") is a New York Corporation having its principal office located in Pawling, New York.

2. Plaintiff, Irwin Franchise Capital Corporation (hereinafter referred to as "Irwin") is, upon information and belief, an Indiana Corporation with its principal place of business at 10 Paragon Drive, Montvale, New Jersey.

3. At all times relevant Irwin held itself out as being a financial services enterprise that provided financing to franchisees.

4. At all times relevant hereto Irwin solicited Windram for possible loan transactions.

5. Irwin advised Windram that it possessed the knowledge, skill and sophistication to address Windram's franchise financing requirements.

6. In or about the winter of 2006, Windram and its affiliates were in need of franchise financing. In reliance upon the representations made by Irwin that it had the knowledge, skill and expertise necessary to fulfill Windram's financing needs, Windram proceeded to address its franchise financing needs through Irwin.

7. Irwin was apprised by Windram that the transaction was time sensitive and repeatedly Irwin replied that it would be able to meet the time sensitive deadline advised by Windram. These representations were made orally and also memorialized in, among other places, written documents between the parties including, but not limited to, a letter authored by Windram, signed by Frank LaBrake on Irwin's behalf, dated February 9, 2007, that provided, among other things, "Irwin will use best efforts to close by March 31, 2007".

8. At all times relevant when Irwin advised it would be able to close the transaction as contemplated by Windram, Irwin knew that it had then no intention of closing in the time period prescribed by Windram. This included, but was not limited to, the recitation quoted above made in Irwin's letter of February 9, 2007.

9. The misrepresentations made by Irwin were false, and known to be false by Irwin.

10. The misrepresentations as aforesaid were material and reasonably relied upon by Windram.

11. The misrepresentations as aforesaid were fraudulent.

12. Upon information and belief it is a pattern and practice of Irwin to make misrepresentations to its customers all in an effort to induce them to sign financing agreements, so that Irwin may and does earn fees even though Irwin does not properly perform.

13. As part of this practice, Irwin committed to close the loan in accordance with the time limitations outlined by Windram, and did so with no then present intention of timely complying.

14. As part of this transaction Windram paid Irwin the sum of $40,000.00.

15. In or about March 2007 it became plainly obvious that Irwin would never meet the time deadline as it completely failed to undertake in a timely and diligent manner those steps necessary to

meet with the closing date as agreed to by Irwin with Windram.

16. No part of the sum of $40,000.00 has been earned by Windram.

17. As a direct and proximate result of the conduct as aforesaid, Windram has been damaged.

**WHEREFORE**, Defendant/Counterclaimant, Windram Enterprises, Inc., demands judgment against Plaintiff, Irwin Franchise Capital Corporation, for damages, punitive damages, together with interest, cost of suit, reasonable attorney's fees and such other and further relief as the Court deems just and equitable in the premises.

### COUNT TWO

### FRAUD IN THE INDUCEMENT

1. Defendant/Counterclaimant Windram repeats and realleges each and every allegation of Count One of the Counterclaim as if set forth herein at length.

2. The conduct as aforesaid constitutes fraud in the inducement.

3. As a direct and proximate result, if it is determined a contract subsists between Windram and Irwin same is voidable.

**WHEREFORE**, Defendant/Counterclaimant, Windram Enterprises, Inc. respectfully requests that judgment be entered against Plaintiff, Irwin Franchise Capital Corporation, declaring that the alleged contract is voidable, deeming it voided, ordering the return of the $40,000.00 payment made, damages, together with interest, cost of suit, reasonable attorney's fees and such other and further relief as the Court deems just and equitable in the premises.

### COUNT THREE

### NEGLIGENT MISREPRESENTATION

1. Defendant/Counterclaimant, Windram Enterprises, Inc., repeats and realleges each and every allegation of Counts One and Two of the Counterclaim as if set forth herein at length.

2. The misrepresentations as aforesaid constitutes negligent misrepresentation.

**WHEREFORE**, Defendant/Counterclaimant, Windram Enterprises, Inc. respectfully requests that judgment be entered against Plaintiff, Irwin Franchise Capital Corporation, declaring that the alleged contract is voidable, deeming it voided, ordering the return of the $40,000.00 payment made, damages, together with interest, cost of suit, reasonable attorney's fees and such other and further relief as the

Court deems just and equitable in the premises.

## COUNT FOUR

## BREACH OF CONTRACT

1. Defendant/Counterclaimant, Windram Enterprises, Inc., repeats and realleges each and every allegation of Counts One, Two and Three of the Counterclaim as if set forth herein at length.

2. Without admitting a subsisting contract exists between Windram and Irwin, if there is a contract it was breached by Irwin

3. As a direct and proximate result of the breach committed by Irwin, Windram has been damaged.

4. The damages to Windram include the $40,000.00 paid to date, as well as out of pocket expenses incurred by Windram for legal fees in the failed transaction, costs in the failed transaction as well as legal fees incurred in the within lawsuit.

**WHEREFORE**, Defendant/Counterclaimant, Windram Enterprises, Inc., demands judgment against Plaintiff, Irwin Franchise Capital Corporation, for damages together with interest, cost of suit, reasonable attorney's fees and such other and further relief as the Court deems just and equitable in the premises.

## COUNT FIVE

## BREACH OF COVENANTS OF GOOD FAITH AND FAIR DEALING

1. Defendant/Counterclaimant, Windram Enterprises, Inc., repeats and realleges each and every allegation of Counts One, Two, Three and Four of the Counterclaim as if set forth herein at length.

2. Without admitting a subsisting contract exists between Windram and Irwin, if there is a contract Irwin, as result of the conduct as aforesaid, breached the implied covenants of good faith and fair dealing.

3. As a direct and proximate result of the breach committed by Irwin, Windram has been damaged.

4. The damages to Windram include the $40,000.00 paid to date, as well as out of pocket expenses incurred by Windram for legal fees in the failed transaction, costs in the failed transaction as well as legal fees incurred in the within lawsuit.

**WHEREFORE**, Defendant/Counterclaimant, Windram Enterprises, Inc., demands judgment against Plaintiff, Irwin Franchise Capital Corporation, for damages together with interest, cost of suit, reasonable attorney's fees and such other and further relief as the Court deems just and equitable in the premises.

## COUNT SIX

## DECLARATORY JUDGMENT

1. Defendant/Counterclaimant, Windram Enterprises, Inc., repeats and realleges each and every allegation of Counts One, Two, Three, Four and Five of the Counterclaim as if set forth herein at length.

2. Without admitting a subsisting contract exists between Windram and Irwin, if there is a contract it was drafted by Irwin.

3. The allegations asserted by Irwin in its Complaint show that it claims it is entitled to both a fee and reimbursement for out of pocket expenses.

4. This interpretation by Irwin is wrong, as the document does not so provide or due to ambiguity may be so construed but since Irwin is the draftsman the document must be construed against Irwin and in either event will not permit Irwin to recover both a fee and reimbursement for out of pocket expenses.

5. In fact, all Irwin may be entitled to, if there is a contract, is reimbursement for all its out of pocket expenses which according to the Complaint total $57,620.89 from which amount is deducted the $40,000.00 already paid thereby yielding only an amount in controversy of $17,620.89.

**WHEREFORE**, Defendant/Counterclaimant, Windram Enterprises, Inc. hereby demands that a declaratory judgment be issued, declaring and decreeing that if a contract exists between it and Plaintiff, Irwin Franchise Capital Corporation, that the contract only obligates, if at all, Defendant/Counterclaimant Windram Enterprises, Inc., to reimburse Plaintiff, Irwin Franchise Capital Corporation, only such sums for out of pocket expenses actually incurred and paid together with a set off for the $40,000.00 paid by Defendant/Counterclaimant, Windram Enterprises, Inc.

## COUNT SEVEN

## REFORMATION

1. Defendant/Counterclaimant, Windram Enterprises, Inc., repeats and realleges each and every allegation of Counts One, Two, Three, Four, Five and Six of the Counterclaim as if set forth herein at length.

2. Without admitting a subsisting contract exists between Windram and Irwin, if there is it fails to properly state that all Irwin is entitled to, if anything, is reimbursement for all out of pocket expenses.

3. Without admitting a subsisting contract exists between Windram and Irwin, if there is it should be reformed to provide that all Irwin is entitled to, if anything, is reimbursement for all out of pocket expenses.

**WHEREFORE**, Defendant/Counterclaimant, Windram Enterprises, Inc. hereby demands that a declaratory judgment be issued, declaring and decreeing that if a contract exists between it and Plaintiff, Irwin Franchise Capital Corporation, that the contract only obligates, if at all, Defendant/Counterclaimant Windram Enterprises, Inc., to reimburse Plaintiff, Irwin Franchise Capital Corporation, only such sums for out of pocket expenses actually incurred and paid together with a set off for the $40,000.00 paid by Defendant/Counterclaimant, Windram Enterprises, Inc.

Dated: May 31, 2007  
Hoboken, New Jersey

By: _____  
Richard W. Mackiewicz, Jr., Esq. (RM 0863)  
MACKIEWICZ & ASSOCIATES, L.L.C.  
625 Washington Street  
Hoboken, New Jersey 07030  
(201) 217-1500  
Attorneys for Defendant Windram Enterprises, Inc.

X:\DOCS\DOCS\IRWM\Active Matters\Windram Enterprises v. Irwin Franchise LI.1125.RWM\Pleading\Filing Answer & Counterclaim.wpd