UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
IRWIN FRANCHISE CAPITAL CORPORATION,

                                                07 Civ. 3785 (WCC)

                Plaintiff,

                                           **NOTICE OF MOTION**

     -against-

WINDRAM ENTERPRISES, INC.,

                Defendant.
-------------------------------------------------------------------x

      PLEAS TAKE NOTICE that, upon the annexed affirmation of Joseph N. Paykin, Esq. dated September 10, 2007, the Memorandum of Law in Support of Motion to Dismiss Counterclaims, and the exhibits annexed thereto, defendant will make a motion before this Court for an Order pursuant to Rule 9 (b) of the Federal Rules of Civil Procedure dismissing the defendant's first- second and third counterclaims for failure to plead fraud with particularity, together with such further and different relief as the Court may deem just and proper.

Dated: New York, New York
         September 10, 2007

                                                     Paykin & Krieg, LLP

                                                     By: _____s/_____
                                                     Joseph N. Paykin, Esq.- JP 3410
                                                     185 Madison Avenue, 10th Floor
                                                     New York, New York 10016
                                                     (212) 725-4423

To:    Mackiewicz & Associates
        Attorneys for Defendant
        625 Washington Street
        Hoboken, New Jersey 07030

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
IRWIN FRANCHISE CAPITAL CORPORATION,

                               Plaintiff,

      -against-

WINDRAM ENTERPRISES, INC.,

                               Defendant.
-------------------------------------------------------------------x

07 Civ. 3785 (WCC)

**AFFIRMATION**

Joseph N. Paykin, Esq., an attorney admitted to practice law in New York, affirms the truth of the following under the penalties of perjury:

1.    I am the attorney of record for the plaintiff and am fully familiar with the facts and circumstances of this action.

2.    This affirmation is made in support of the plaintiff's motion to dismiss the defendant's first, second and third counterclaims for fraud. The motion should be granted because defendant has failed to plead its counterclaims with particularity, as required by Rule 9 (b) of the Federal Rules of Civil Procedure. Copies of the Complaint and the Answer are annexed as Exhibits A and B.

3.    Plaintiff is a lender, with a particular specialty in providing loans for franchise operators. On December 20, 2006, plaintiff sent defendant a proposed commitment letter to refinance the debt of 14 Kentucky Fried Chicken franchises. This proposal was accepted by the defendant on December 22, 2006. On February 8, 2007

plaintiff sent defendant a commitment letter ("Initial Commitment Letter:"). Defendant made unilateral changes to the Initial Commitment Letter, which plaintiff refused to accept. On February 9, 2007 plaintiff sent a new commitment letter, which stated that it superseded the Initial Commitment Letter ("Final Commitment Letter"). Defendant accepted the Final Commitment Letter, signed it and returned it to the plaintiff.

4.  Plaintiff incurred expenses pursuant to the Final Commitment Letter, for which plaintiff is entitled to reimbursement under its terms. These expenses, as set forth in the Complaint, include $5,570 to First American Title, $9,905.50 to Ivey Barnum & O'Mara, $21,600 to The Matthews Company, $14,390 to National Appraisal Associates, $1,800 to Environmental Data Resources, Inc., $162 to FIS Flood Services, and $5,193.30 to UCC Direct. *See* Exhibit A. The Complaint seeks to recover the unpaid balance of the commitment fee, together with the reimbursable expenses.

5.  The only particulars given of the alleged fraud in the Answer are that "Irwin knew [at the time of the February 9, 2007 letter] that it had then no intention of closing in the time period prescribed by Windram." Answer, par. 8. The Answer further alleges that "it is a pattern and practice of Irwin to make misrepresentations to its customers all in an effort to induce them to sign financing agreements, so that Irwin may and does earn fees even though Irwin does not properly perform." Answer, par. 12. This is woefully inadequate to meet the standards of Rule 9 (b).

6.    It is well settled that Rule 9 (b) requires that the party alleging fraud set forth the facts constituting the fraud with particularity as to what exactly is alleged to have been the fraudulent misrepresentation, how the party is alleged to have relied on it, and how the party was damaged by the alleged misrepresentation.  All of this must be set forth in detail, not the conclusory assertions made by the defendant.  *See* the Memorandum of Law in Support of Motion to Dismiss Counterclaims ("Memorandum of Law")(submitted herewith).

7.    As set forth in the Memorandum of Law, defendant's first, second and third counterclaims do not meet the standard set by Rule 9 (b).  The Court should grant the motion to dismiss the counterclaims.

8.    No prior application has been made for the relief requested in this motion.

WHEREFORE, plaintiff respectfully requests that the Court grant an Order pursuant to Rule 9 (b) of the Federal Rules of Civil Procedure dismissing the defendant's first- second and third counterclaims for failure to plead fraud with particularity, together with such further and different relief as the Court may deem just and proper.

Dated: New York, New York
September 10, 2007

_____s/_____
Joseph N. Paykin- JP 3410