UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IRWIN FRANCHISE CAPITAL CORPORATION,

                                                    07 Civ. 3785 (WCC)

                Plaintiff,

        -against-

WINDRAM ENTERPRISES, INC.,

                Defendant.
-----------------------------------------------------------------x


--------------------------------------------------------------------------------------------------------

### PLAINTIFF'S
### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO DISMISS COUNTERCLAIMS

--------------------------------------------------------------------------------------------------------


                                               Paykin & Krieg LLP
                                               *Attorneys for Plaintiff*
                                               185 Madison Avenue, 10th Floor
                                               New York, New York 10016
                                               (212) 725-4423

## TABLE OF CONTENTS

*Page*

Table of Authorities                                                             3

Preliminary Statement                                                            5

Statement of Facts                                                               6

Argument

Point I

Defendant has failed to plead fraud with particularity                           8

Point II

The claim for negligent misrepresentation is without merit and fails
to meet the requirement of particularity                                        12

Conclusion                                                                      13

**TABLE OF AUTHORITIES**

*Page*

<u>Cases</u>

*S.Q.K.F.C., Inc. v. Bell Atlantic Tricon Leasing Corporation*, 84 F.3d 629 (1996)  8

*Stanford Square, L.L.C. v. Nomura Asset Capital Corporation*,
228 F.Supp.2d 293, 301 (S.D.N.Y. 2002)  8

*Shields v. Cititrust Bancorp., Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994)  8

*San Leandro Emergency Medical Group Profit Sharing Plan v. Philip
Morris Companies, Inc.,* 75 F.3d 801 (2d Cir. 1995)  8

*Luce v. Edelstein,* 802 F.2d 49, 54 (2d Cir. 1986)  9

*United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.,*
216 F.Supp.2d 198 (S.D.N.Y 2002)  9

*McStay v. I.C. System, Inc.,* 174 F.Supp.2d 42 (S.D.N.Y. 2001)  9

*The Pits, Ltd. v. American Express Bank International,* 911 F.Supp. 710, 716
(S.D.N.Y. 1996)  9

*J.P. Morgan Chase Bank v. Liberty Mutual Ins. Co.,* 233 F. Supp.2d 550, 553
(S.D.N.Y. 2002)  9

*VTech Holdings Ltd. v. Lucent Technologies, Inc.,* 172 F.Supp.2d 435
(S.D.N.Y. 2001)  9

*Grappo v. Alitalia Linee Aeree Italiane, S.p.A.,* 56 F.3d 427, 434 (2d Cir. 1995)  10

*Reserve Solutions, Inc. v. Vernaglia,* 438 F.Supp.2d 280, 288 (S.D.N.Y. 2006)  10

*GSGSB, Inc. v. New York Yankees,* 862 F.Supp. 1160, 1177 (S.D.N.Y. 1994)  10

*Graubard Mollen Dannett & Horowitz v. Moskowitz,* 86 N.Y.2d 112,
692 N.Y.S.2d 1009, 653 N.E.2d 1179 (1995)  10

*Champion Titanium Horseshoe, Inc. v. Wyman-Gordon Investment Castings, Inc.,*
925 F. Supp. 188, 190 (S.D.N.Y. 1996)  10

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 188
(2nd Cir. 2004) 12

*OSRecovery, Inc. v. One Groupe International, Inc.,* 354 F.Supp.2d 357, 379
(S.D.N.Y. 2005) 12

**PRELIMINARY STATEMENT**

Plaintiff issued a commitment letter to the defendant to finance 14 Kentucky Fried Chicken restaurants owned by the defendant. Defendant terminated the relationship prior to funding, and refused to pay the balance of the commitment fee and re-imburse plaintiff for its out-of-pocket expenses, as it was obligated to do under the binding commitment letter.

Having no defense to its contractual obligation to pay plaintiff the commitment fee and reimburse plaintiff for its out-of-pocket expenses, defendant has disingenuously asserted three specious counterclaims: two sounding in fraud and a third alleging negligent misrepresentation. As set forth more fully below, the counterclaims utterly fail to state a claim with particularity as required by Rule 9 (b) of the Federal Rules of Civil Procedure, and should be dismissed.

## STATEMENT OF FACTS

Plaintiff Irwin Franchise Capital Corp. ("IFCC") is a lender, and makes loans to franchise operators. On December 20, 2006, IFCC sent defendant Windram Enterprises ("Windram") a written loan proposal to refinance the debt of 14 Kentucky Fried Chicken franchises owned by Windram ("Proposal") (see paragraph 3 of the Complaint). Windram accepted the Proposal by countersigning it on December 22, 2006.

On February 8, 2007, IFCC forwarded Windram a commitment letter ("Initial Commitment Letter") (see paragraph 5 of the Complaint). Windram made several unilateral changes to the Initial Commitment Letter and then countersigned it and returned it to IFCC. IFCC rejected the unilateral changes made by Windram, and on February 9, 2007, sent a new commitment letter which stated in no uncertain terms that it superseded the Initial Commitment Letter ("Final Commitment Letter")(see paragraph 7 of the Complaint). The Final Commitment Letter stated, among other things, "The closing shall be no later than April 30, 2007, however, Borrower and Irwin will use best efforts to close by March 31, 2007." On February 9, 2007, Windram accepted the revised terms and executed the Final Commitment Letter (see paragraph 9 of the Complaint).

The Final Commitment Letter required, among other things, for Windram to pay IFCC: (a) a non-refundable commitment fee of $92,000 ("Commitment Fee") payable in three installments; and (b) its out-of-pocket expenses incurred in preparation for the transaction contemplated by the Final Commitment Letter in the event the transaction failed to close.

On March 7, 2007, Windram sent IFCC formal notice that it was terminating its financing relationship with IFCC ("Termination Notice")(see paragraph 13 of the

Complaint).  The Termination Notice claimed that the termination was being made because IFCC allegedly could not close by March 25, 2007, and (what is probably the real reason) because another lender had made a better offer.  Prior to such termination, IFCC incurred $57,620.89 in out-of-pocket expenses on behalf of Windram, consisting of $5,570 to First American Title Insurance Company, $9,905.50 to Ivey Barnum & O'Mara, $21,600 to The Matthews Company, $14,390 to National Appraisal Associates, $1,800 to Environmental Data Resources, Inc., $162 to FIS Flood Services; and $5,193.30 to UCC Direct (see paragraph 14 of the Complaint).

      IFCC demanded payment of: (a)  the balance of the commitment fee;  and (b) its out-of-pocket expenses.  Windram refused to pay and IFCC then commenced this action.  In response to the complaint, Windram asserted three spurious counterclaims.  Two sounding in fraud and one alleging negligent misrepresentation.   IFCC now moves to dismiss such counterclaims.

## ARGUMENT

Rule 9 of the Federal Rules of Civil Procedure requires all claims sounding in fraud, negligence and breach of the implied covenant and good faith and fair dealing to be pleaded with particularity. As set forth more fully below, defendant has woefully failed to meet such standard, and therefore its counterclaims must be dismissed.

## POINT I
## DEFENDANT HAS FAILED TO PLEAD FRAUD WITH PARTICULARITY

The only facts alleged in support of defendant's claims of fraud are that: (a) "Irwin knew [at the time of the February 9, 2007 letter] that it had then no intention of closing in the time period prescribed by Windram (Answer, par. 8)," and (b) that "upon information and belief it is a pattern and practice of Irwin to make misrepresentations to its customers all in an effort to induce them to sign financing agreements, so that Irwin may and does earn fees even though Irwin does not properly perform. (Answer, par. 12)." These bald conclusory allegations do not meet the requirements of Rule 9 (b) which requires all claims sounding in fraud, negligence and breach of the implied covenant and good faith and fair dealing must be pleaded with particularity. *S.Q.K.F.C., Inc. v. Bell Atlantic Tricon Leasing Corporation*, 84 F.3d 629 (1996); *Stanford Square, L.L.C. v. Nomura Asset Capital Corporation*, 228 F.Supp.2d 293, 301 (S.D.N.Y. 2002).

The Second Circuit has held that Rule 9 (b) requires a party to plead facts that give rise to a strong inference of fraudulent intent, either by alleging facts to show both motive and intent or by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness. *Shields v. Cititrust Bancorp., Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994); *San Leandro Emergency Medical Group Profit Sharing Plan v.*

8

*Philip Morris Companies, Inc.,* 75 F.3d 801 (2d Cir. 1995); *S.Q.K.F.C, supra*. Defendant has made no attempt to do so. Instead, defendant has only made the conclusory assertion that IFCC had no intention of closing in the time period demanded by the defendant (Answer, par. 8) and that it is a "pattern and practice of Irwin to make misrepresentations" so as to earn commitment fees (Answer, par. 12). Indeed, the latter allegation is made "upon information and belief" which is not sufficient to satisfy Rule 9(b). Allegations of fraud cannot be based upon information and belief, except as to matters peculiarly within the knowledge of the opposing party, and even then only when supported by a statement of facts upon which the belief is founded. *Luce v. Edelstein,* 802 F.2d 49, 54 (2d Cir. 1986); *United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.,* 216 F.Supp.2d 198 (S.D.N.Y 2002); *McStay v. I.C. System, Inc.,* 174 F.Supp.2d 42 (S.D.N.Y. 2001); *The Pits, Ltd. v. American Express Bank International,* 911 F.Supp. 710, 716 (S.D.N.Y. 1996). No specific facts are alleged to support either statement - - i.e. memos, conversations, letters or notes. Neither allegation supports an inference of fraudulent intent or even circumstantial evidence of intent. In *Shields* the Second Circuit held that claims of fraud cannot be pled with "speculation and conclusory allegations." *Shields* at 1128. The counterclaims here are exactly the type of speculation that is barred by Rule 9 (b).

Moreover, the alleged fraud is really a promise of future performance, which does not state a claim for fraud. Allegations that a party does not have the intent to perform a contract do not state a claim for fraud. *J.P. Morgan Chase Bank v. Liberty Mutual Ins. Co.,* 233 F. Supp.2d 550, 553 (S.D.N.Y. 2002), citing *VTech Holdings Ltd. v. Lucent Technologies, Inc.,* 172 F.Supp.2d 435 (S.D.N.Y. 2001). Defendant attempts to

9

plead around this by alleging that IFCC knew at the time that the commitment letter was issued that it could not close on the required date. The Courts have held that an action for breach of contract cannot be converted into a claim for fraud merely by alleging that the contracting party did not intend to meet its obligations. *Grappo v. Alitalia Linee Aeree Italiane, S.p.A.,* 56 F.3d 427, 434 (2d Cir. 1995); *Reserve Solutions, Inc. v. Vernaglia,* 438 F.Supp.2d 280, 288 (S.D.N.Y. 2006); *GSGSB, Inc. v. New York Yankees,* 862 F.Supp. 1160, 1177 (S.D.N.Y. 1994). A cause of action may arise for misrepresentations of future performance when a specific misrepresentation has been alleged, with facts to demonstrate why it was false at the time it was made. *Graubard Mollen Dannett & Horowitz v. Moskowitz,* 86 N.Y.2d 112, 692 N.Y.S.2d 1009, 653 N.E.2d 1179 (1995). However, when there is no attempt to plead facts demonstrating that the representations were false when made, apart from the bare, conclusory assertion, the claim fails to meet the requirements of Rule 9 (b), notwithstanding the rule of *Graubard*. *Champion Titanium Horseshoe, Inc. v. Wyman-Gordon Investment Castings, Inc.,* 925 F. Supp. 188, 190 (S.D.N.Y. 1996). No facts whatsoever have been alleged that would support an inference that plaintiff did not intend to perform its obligations.

      The Second Circuit has held that the purpose of Rule 9 (b) is to provide the accused party with fair notice of the claim, to protect that party's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit. *Shields, supra,* at 1128. The present counterclaims are a perfect example of what the rule is intended to prevent. In this fairly straightforward case for breach of contract, defendant has made counterclaims for fraud by the bare allegation that the plaintiff did not intend to perform its obligations, with no facts to support the allegation.

The counterclaims were interposed solely to delay and complicate what is really an action for breach of contract, are without merit, and fail to meet the requirements of Rule 9 (b).

The first and second counterclaims fail to state a claim with particularity, as required by Rule 9 (b) and therefore should be dismissed.

Case 7:07-cv-03785-WCC   Document 9   Filed 09/17/2007   Page 11 of 13

## POINT II
## THE CLAIM FOR NEGLIGENT MISREPRESENTATION IS WITHOUT MERIT AND FAILS TO MEET THE REQUIREMENT OF PARTICULARITY

Defendant has failed to properly plead a claim for negligent misrepresentation. Negligent misrepresentation requires that there must be a fiduciary relationship between the parties and the relationship of lender/borrower does not satisfy such test. *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 188 (2nd Cir. 2004). As a result of the foregoing, defendant's counterclaim for negligent misrepresentation must be dismissed.

Even assuming arguendo, that there was a fiduciary relationship between the parties, defendant's counterclaim for negligent misrepresentation must be dismissed because it is not alleged with particularity. The Courts have held that when a claim for negligent misrepresentation sounds in fraud (which is clearly the case here), it is subject to the particularity requirements of Rule 9 (b). *OSRecovery, Inc. v. One Groupe International, Inc.,* 354 F.Supp.2d 357, 379 (S.D.N.Y. 2005).

The claim for negligent misrepresentation is based on the same conclusory allegations made in support of the claims for fraud. In addition to not pleading a claim of fraud, the allegations likewise do not support a claim sounding in negligent misrepresentation. A review of the counterclaims will reveal not even one single allegation of negligence. Likewise, defendant has not even alleged that there is any type of fiduciary relationship between the parties, let alone alleged any facts that would establish a fiduciary relationship. As a result of the foregoing, defendants counterclaim for negligent misrepresentation must be dismissed.

## CONCLUSION

For the reasons set forth above, the Court should dismiss the first, second and third counterclaims pursuant to Rule 9 (b) of the Federal Rules of Civil Procedure, together with such further and different relief as the Court may deem just and proper.

Dated: New York, New York
      September 10, 2007

                      Respectfully submitted,

                      Paykin & Krieg, LLP

By: _____s/_____
     Joseph N. Paykin, Esq.- JP (3410)
     Attorneys for Plaintiff
     185 Madison Avenue
     New York, New York 10016
     (212) 725-4423