ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____ X
IRWIN FRANCHISE CAPITAL CORPORATION,       :
                                           : **CONFIDENTIALITY ORDER**
                     Plaintiff,            :
                                           :
           v.                              :
                                           : Civil Action No.: 07 CIV 3785
WINDRAM ENTERPRISES, INC.,                 : (Hon. William C. Conner)
                                           :
                     Defendant.            : ECF CASE
                                           :
_____ X :

      **THIS MATTER**, being opened to the Court by Mackiewicz & Associates, L.L.C., (Richard W. Mackiewicz, Jr., Esq., appearing), attorneys for Windram Enterprises, Inc. ("Windram") made on notice to Paykin & Krieg LLP (Joseph N. Paykin, Esq., appearing) attorneys for Plaintiff, Irwin Franchise Capital Corporation, ("Irwin") and the Court having noted the consent of the parties through their attorneys to the form and entry of the within Order

      **IT IS** on the 28th day of September, 2007

      **ORDERED,** as follows:

      1.    This Confidentiality Order shall govern all documents and other discovery materials (including information contained in and information gathered from those documents or other discovery materials) produced by the parties or their agents during the course of discovery, hearings or trial in this suit that refer or relate to any of the banking transactions, financial transactions or other financial information (including, but not limited to, trade secrets or other confidential research, development or commercial information, or other non-public information about the business, prospects, operations, financial structure, financial condition, assets and liabilities of the parties and their customers, and the transactional structure of Irwin's financing facilities (all such information being referred to herein as "Confidential Information")) of any of the parties hereto or any affiliate of the parties hereto. All such documents, discovery material, or information shall be referred to in this order as "Confidential Material." Documents, interrogatory answers, responses to requests for admissions, deposition testimony and other materials and information (hereinafter "Materials") which contain Confidential Information shall also be considered Confidential Material.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

COPIES MAILED TO COUNSEL OF RECORD

2. Confidential Material shall be disclosed only to:

    (a) Counsel of record for the receiving party;

    (b) Deposition notaries and staff;

    (c) Stenographic, paralegal, clerical and other employees of the receiving party referred to in subparagraphs (a)-(b) above;

    (d) Independent experts and advisors who are employed by the receiving party to perform investigative work, fact research or other services relating to this action;

    (e) Deponents or witnesses during the course of their examination;

    (f) The parties to this litigation; and

    (g) Any person who is or is reasonably anticipated to be a witness at deposition or trial where the Confidential Material is reasonably anticipated to relate to the testimony of such witness.

3. Confidential Material may be disclosed to persons listed in paragraphs 2 (c), (d), (e) and (f) above only upon compliance with the following requirements:

    (a) Each person shall first be advised by the attorney making the disclosure that pursuant to this Confidentiality Order the person may not divulge any such material to any other person, except in the preparation or trial of this action, and that disclosure in the preparation of the case is limited to persons entitled to knowledge of Confidential Material under this order.

    (b) The attorney shall secure the written or other recorded agreement from each such person that he or she undertakes not to divulge any such material except in the preparation or trial of this action, and that he or she will not use the material for any other purpose. Each such person shall be provided a copy of this Order, and

in accepting any such documents, shall further certify that he or she is bound by its terms and that he or she is subject to the jurisdiction of this Court for the purpose of enforcement of the terms of this Order, including the possible issuance of a contempt citation in the event of such violation.

4. No copies of Confidential Material shall be made except by or on behalf of attorneys of record in this case. Any attorneys making copies of such material shall maintain all copies within their possession or the possession of those entitled to access to such documents under this Confidentiality Order.

5. All documents and other discovery materials produced in connection with this litigation shall be used only for purposes of the litigation between the parties, and not for any other purposes.

6. The termination of proceedings in this action shall not relieve the persons described in paragraph 2 above from the obligation of maintaining the confidentiality of all Confidential Material received pursuant to this Order, unless the Court orders or permits otherwise. Upon termination of the proceedings, the parties may request the return to them of all previously furnished discovery material, including Confidential Material and including any copies of that material, and each person or party to whom such discovery material has been furnished or produced shall be obligated to return the same discovery material, except that in lieu of returning copies the party to whom they were produced may destroy them if it certifies, in writing, that it has destroyed all copies and documents containing such discovery material. This provision shall apply to any documents created by any party, its counsel, or agents which contain Confidential Material.

7. Nothing in this Confidentiality Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order including additional protection

with respect to the Confidential Material, or a ruling that purported "Confidential Material" is not entitled to protection under this Order.

8. In the event any party to this action having custody or control of any documents or material containing Confidential Material or Confidential Information receives a request or demand for production of such documents or information (such as through a subpoena, civil investigative demand, notice of deposition with *duces tecum* attached or other similar request for production) such party shall promptly upon receipt of the request or demand, and prior to compliance with or otherwise responding to said request or demand (if allowed by applicable law), notify the disclosing party of such request or demand and provide such designating party with the opportunity to object to the production of such Confidential Material.

9. All Confidential Materials that are filed with the Court, including any pleading or other document containing, reproducing, paraphrasing, or otherwise disclosing Confidential Information, shall be filed in a sealed envelope or other appropriate sealed container and marked in the manner required by the Court for filing such material under seal.

*/s/ William C. Conner*
WILLIAM C. CONNER, U.S.D.J.

The undersigned, attorneys of record, hereby consent to the form and entry of the within Order.

| PAYKIN & KRIEG LLP | MACKIEWICZ & ASSOCIATES, L.L.C. |
|---|---|
| Attorneys for Plaintiff: | Attorneys for Defendant: |
| Irwin Franchise Capital Corporation | Windram Enterprises, Inc. |
| By: _____ | By: _____ |
| JOSEPH N. PAYKIN, ESQ. | RICHARD W. MACKIEWICZ, JR., ESQ. |
| Dated: 9-28, 2007 | Dated: Sept 28, 2007 |

4