Joseph N. Paykin (JP 3410)
Paykin Mahon Rooney & Krieg LLP
Attorneys for Plaintiff
  Irwin Franchise Capital Corporation
185 Madison Avenue, 10th Floor
New York, New York 10016
(212) 725-4423

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
IRWIN FRANCHISE CAPITAL CORPORATION,

     Plaintiff,

-against-

WINDRAM ENTERPRISES, INC.,

     Defendants.
----------------------------------------X

**REPLY TO AMENDED COUNTERCLAIMS**

**Civil Action No. 07 CV 3785
(Judge Conner)**

  Plaintiff Irwin Franchise Capital Corporation ("IFCC") by its attorneys, Paykin Mahon Rooney & Krieg LLP, as and for its reply to defendant's counterclaims, respectfully respond as follows:

  1. Denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph "1" of the Counterclaims.

  2. Admits the truth of the allegations contained in paragraph "2" of the Counterclaims.

  3. Admits the truth of the allegations contained in paragraph "3" of the Counterclaims.

4.  Admits the truth of the allegations contained in paragraph "4" of the Counterclaims.

5.  Can neither admit nor deny the truth of the allegations contained in paragraph "5" of the Counterclaims because the statement is open ended.

6.  Can neither admit nor deny the contents of paragraph "6" of the Counterclaims because they calls for legal conclusions and therefore do not contain any factual allegations requiring a response.

7.  Denies the truth of the allegations contained in paragraph "7" of the Counterclaims.

8.  Admits the truth of the allegations contained in paragraph "8" of the Counterclaims.

9.  Denies the truth of the allegations contained in paragraph "9" of the Counterclaims,.

10. Admits the truth of the allegations contained in paragraph "10", "11" of the Counterclaims.

11. Denies the truth of the allegations contained in paragraph "12", of the Counterclaims,.

12. Admits the truth of the allegations contained in paragraph "13", of the Counterclaims.

13. Denies the truth of the allegations contained in paragraph "14", "15" and "16" of the Counterclaims.

14. Admits the truth of the allegations contained in paragraph "17" of the Counterclaims.

15. Denies the truth of the allegations contained in paragraph "18" of the Counterclaims.

16. Denies the truth of the allegations contained in paragraphs "19", "20", "21", "22", "23", and "24" of the Counterclaims.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Counterclaims.

18. Denies the truth of the allegations contained in paragraph "26" and "27" of the Counterclaims.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Counterclaims.

20. Denies the truth of the allegations contained in paragraph "29" of the Counterclaims.

21. In response to paragraph "30" of the Counterclaims, plaintiff/counterclaim defendant refers the Court to Exhibit C to defendant's Counterclaims.

22. Denies the truth of the allegations contained in paragraph "31" of the Counterclaims.

23. In response to paragraph "32" of the Counterclaims, plaintiff/counterclaim defendant refers the Court to Exhibit C to defendant's Counterclaims.

24. Denies the truth of the allegations contained in paragraph "33" of the Counterclaims.

25. Denies the truth of the allegations contained in paragraphs "34" and "35" of the Counterclaims.

26. Denies the truth of the allegations contained in paragraphs "36" of the Counterclaims, except admits that IFCC attempts to make income from its loans, and that ten million is one percent of one billion.

27. Denies the truth of the allegations contained in paragraphs "37" and "38" of the Counterclaims.

28. Denies the truth of the allegations contained in paragraph "39" of the Counterclaims, except admits that the proposed financing was to be collateralized by eight leasehold mortgages.

29. Can neither admit nor deny the truth of the allegations contained in paragraph "40" of the Complaint as they are not factual in nature, but rather hypotheticals and/or conclusions of law.

30. Denies the truth of the allegations contained in paragraphs "41", "42" and "43" of the Counterclaims.

31. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "44" of the Counterclaims, except admits that plaintiff sent defendant a letter dated January 22, 2007 and refers the Court to such letter for its terms and conditions.

32. Denies the truth of the allegations contained in paragraph "45" of the Counterclaims, except admits proposal fee was paid in December 2006.

33. Denies the truth of the allegations contained in paragraph "46" of the Counterclaims, except admits that this was to be a refinance.

34. Denies the truth of the allegations contained in paragraphs "47", "48" and "49" of the Counterclaims.

35. Admits the truth of the allegations contained in paragraph "50" of the Counterclaims.

36. Denies the truth of the allegations contained in paragraph "51" of the Counterclaims, except admits that defendant/counterclaimant overnighted lease information to Fletcher on January 29, 2007, and refers the Court to the emails annexed to the Counterclaims as Exhibit E to determine their contents.

37. Admits the truth of the allegations contained in paragraph "52" of the counterclaims.

38. Denies the truth of the allegations contained in paragraphs "53" and "54" of the Counterclaims.

39. In response to paragraph "55" of the Counterclaims, plaintiff/counterclaim defendant refers the Court to the February 8, 2007 Commitment letter for its terms and conditions, and admits that Windram modified the closing date among other changes to such letter and returned it to plaintiff/counterclaim defendant.

40. Admits the truth of the allegations contained in paragraph "56" of the Counterclaims.

41. Denies the truth of the allegations contained in paragraph "57" of the Counterclaims.

42. Admits the truth of the allegations contained in paragraph "58" of the Counterclaims.

43. Denies the truth of the allegations contained in paragraph "59" of the Counterclaims.

44. Denies the truth of the allegations contained in paragraph "60" of the Counterclaims, except admits that a loan closing checklist was sent via email on February 16, 2007, and refers the court to the email annexed to the Counterclaims as Exhibit I for its terms and conditions.

45. Admits the truth of the allegations contained in paragraph "61" of the Counterclaims.

46. Denies the truth of the allegations contained in paragraph "62" of the Counterclaims.

47. Denies knowledge sufficient to form an information or belief as to the truth of the allegations contained in paragraph "63" and "64" of the Counterclaims.

48. Denies the truth of the allegations contained in paragraph "65" of the Counterclaims.

49. In response to Counterclaims second paragraph "1", plaintiff/counterclaim defendant restates and reiterates its responses to paragraphs "1" through "65" above as if fully set forth herein.

50. Admits the truth of the allegations contained in the second paragraphs "2", "3", and "4" of the Counterclaims.

51. Denies knowledge sufficient to form an information or belief as to the truth of the allegations contained in the second paragraph "5" of the Counterclaims.

52. Denies the truth of the allegations contained in the second paragraphs "6", "7", "8", "9", "10", "11", "12", "13". "14", "16", "17", "18", "19", "20", "21", "22", and "23" of the Counterclaims.

53. In response to the third paragraph "1" of the Counterclaims, plaintiff/counterclaim defendant repeats and reiterates its responses above as if fully set forth at length herein.

54. Denies the truth of the allegations contained in the third paragraphs "2" and "3" of the Counterclaims.

55. In response to the fourth paragraph "1" of the Counterclaims, plaintiff/counterclaim defendant repeats and reiterates its responses above as if fully set forth at length herein.

56. Admits the truth of the allegations contained in the fourth paragraph "2" of the Counterclaims.

57. Denies the truth of the allegations contained in the fourth paragraphs "3", "4", "5", "6", "7" and "8" of the Counterclaims.

58. In response to the fifth paragraph "1" of the Counterclaims, plaintiff/counterclaim defendant repeats and reiterates its responses above as if fully set forth at length herein.

59. Denies the truth of the allegations contained in the fifth paragraphs "2", "3" and "4" of the Counterclaims.

60. In response to the sixth paragraph "1" of the counterclaims, plaintiff/counterclaim defendant repeats and reiterates its responses above as if fully set forth at length herein.

61. Denies the truth of the allegations contained in the sixth paragraphs "2", "3" and "4" of the Counterclaims.

62. In response to the seventh paragraph "1" of the Counterclaims, plaintiff/counterclaim defendant repeats and reiterates its responses above as if fully set forth at length herein.

63. Denies the truth of the allegations contained in the seventh paragraphs "2", "3", "4" and "5" of the Counterclaims.

64. In response to the eighth paragraph "1" of the Counterclaims, plaintiff/counterclaim defendant repeats and reiterates its responses above as if fully set forth at length herein.

65. Denies the truth of the allegations contained in the eighth paragraphs "2" and "3" of the Counterclaims.

66. In response to the ninth paragraph "1" of the Counterclaims, plaintiff/counterclaim defendant repeats and reiterates its responses above as if fully set forth at length herein.

67. Denies the truth of the allegations contained in the ninth paragraphs "2", "3" and "4" of the Counterclaims.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

68. The Counterclaims fail to state a cause of action against the plaintiff/counterclaim defendant for which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

69. The Counterclaims must fail due to defendant/counterclaimant's unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

70. The Counterclaims are not pled with the requisite particularity as required by the F.R.C.P. and thus must be dismissed.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

71.     The Counterclaims must be denied due to defendant/counterclaimant's breach of contract.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

72.     Defendant/counterclaimant failed to perform its obligations under the loan commitment.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

73.     The documentation requirements alleged by defendant/counterclaimant were the responsibility of defendant/counterclaimant.

WHEREFORE, the plaintiff/counterclaim defendants demand judgment: (1) dismissing the Counterclaims, with prejudice; and (2) for the costs and disbursements of this action, together with (3) such other and further relief, as the Court deems just, proper and equitable.

Dated: New York, New York
       November 8, 2007

PAYKIN MAHON ROONEY & KRIEG LLP

By: _____
       Joseph N. Paykin (JP 3410)
Attorney for plaintiff
   Irwin Franchise Capital Corporation
185 Madison Avenue, 10th Floor
New York, New York 10016
(212) 725-4423

TO:    Richard W. Mackiewicz, Jr., Esq.
         Mackiewicz & Associates, L.L.C.
         625 Washington Street
         Hoboken, New Jersey 07030

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK        )
                         ) SS.:
COUNTY OF NEW YORK       )

Victoria Dietz, being duly sworn, deposes and says:

1. I am not a party to the action, and I am over 18 years of age.
2. On November 9, 2007, I served by mail the within **Reply to Amended Counterclaims** in the matter entitled Irwin Franchise Capital Corporation v. Windram Enterprises, Inc., Index No. 07 CV 3785, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, to the following address set forth:

Richard W. Mackiewicz, Jr., Esq.
Mackiewicz & Associates, L.L.C.
625 Washington Street
Hoboken, New Jersey 07030

_____
Victoria Dietz

Sworn to before me this
9th day of November, 2007

_____
NOTARY PUBLIC
STEPHEN J. FRAHER
Notary Public, State of New York
No. 02FR6102421
Qualified in New York County
Commission Expires Dec. 8, 2007

Index No. 07 CV 3785

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IRWIN FRANCHISE CAPITAL CORPORATION,

                              Plaintiff,

       -against-

WINDRAM ENTERPRISES, INC.,

                              Defendant.

## REPLY TO AMENDED COUNTERCLAIMS

**PAYKIN MAHON ROONEY & KRIEG LLP**

Attorney(s) for Plaintiff
Office and Post Office Address, Telephone

**185 MADISON AVENUE
10TH FLOOR
NEW YORK, NEW YORK 10016
(212) 725-4423**

To

Attorney(s) for

Service of a copy of the within            is hereby admitted.

Dated,

                 Attorney(s) for                       ..................................

    **Sir: Please take notice**
☐ *NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on        20
☐ *NOTICE OF SETTLEMENT*
that an order                        of which the within is a true copy will be presented for
settlement to the HON.                                       one of the judges

of the within named Court, at
on the          day of            20    at     M.

Dated,

                                                             Yours, etc.

                                **PAYKIN MAHON ROONEY & KRIEG LLP**
                                Attorney(s) for

                                Office and Post Office Address

                                **185 MADISON AVENUE
To                                     10TH FLOOR
                                NEW YORK, NEW YORK 10016
Attorney(s) for                        (212) 725-4423**